***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ledford and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing as:
 STIPULATIONS
1. The parties were subject to and bound by provisions of the North Carolina Workers' Compensation Act on November 3, 2000.
2. An employment relationship existed between Plaintiff and Defendant-employer.
3. Defendant-employer is insured by The Hartford Insurance Company.
4. The date of Plaintiff's alleged injury was on or about November 3, 2000.
5. Plaintiff's average weekly wage on the date of his alleged injury was $267.00, yielding a compensation rate of $178.00.
6. The parties stipulated into evidence all Industrial Commission forms as Stipulated Exhibit No. 1.
7. The parties stipulated into evidence medical records from Kurtz Chiropractic as Stipulated Exhibit No. 2.
8. The parties stipulated into evidence medical records from Wilson Memorial Hospital as Stipulated Exhibit No. 3.
9. The parties stipulated into evidence Defendant-employer's policy handbook as Stipulated Exhibit No. 4.
10. The parties stipulated into evidence Defendant-employer's general safety and health handbook as Stipulated Exhibit No. 5.
11. The parties stipulated into evidence the Employment Security Commission's decision in Plaintiff's claim for unemployment benefits, as well as an Order of Dismissal from the Employment Security Commission dismissing Plaintiff's appeal, as Stipulated Exhibit No. 6.
12. The parties stipulated into evidence a Pre-Trial Agreement as Stipulated Exhibit No. 7.
13. The parties stipulated into evidence Defendants' First Set of Pre-Hearing Interrogatories and Request for Production of Documents as Stipulated Exhibit No. 8.
14. The parties stipulated into evidence Plaintiff's Answers to Defendants' First Set of Pre-Hearing Interrogatories and Request for Production of Documents as Stipulated Exhibit No. 9.
 ***********
Based upon the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff is a 29-year-old male with a history of low back pain. Plaintiff was involved in a motor vehicle accident on December 13, 1998 and suffered injuries to his back and neck as a result. Following his motor vehicle accident, Plaintiff received treatment from chiropractor Dr. Colin Kurtz.
2. Plaintiff's back continued to bother him following his motor vehicle accident. On numerous occasions prior to November 2000, Plaintiff informed co-workers and his supervisor at the Defendant-employer that his back was bothering him as a result of his 1998 automobile accident.
3. Plaintiff began working for Defendant-employer on September 20, 2000. At that time, the employer provided him a general safety and health handbook as well as a policy handbook, which they required all employees to read at the inception of their employment. Both the policy handbook and the general safety and health handbook required employees to immediately report all on-the-job injuries to their supervisors. Plaintiff signed acknowledgment sheets at the inception of his employment indicating that he had read and would abide by the policies contained in employer's policy handbook and general safety and health handbook.
4. Defendant-employer's policy was for all employees who suffered work-related injuries to receive treatment from Wilson Immediate Care. When their employees sustained work-related injuries, Charles Jones would fill out some paperwork and send the employees to Wilson Immediate Care. Defendant-employer would only allow employees to go to Wilson Memorial Hospital if Wilson Immediate Care was closed or if an employee sustained a severe injury. Otherwise, Defendant-employer did not give injured employees the option of receiving treatment at Wilson Memorial Hospital.
5. In addition to his employment with Defendant-employer, Plaintiff performed mechanical work on cars as a side business. On several occasions, Plaintiff performed mechanical work on cars of employees of Defendant-employer, including Plaintiff's supervisor, Charles Jones. Prior to November of 2000, Plaintiff told Mr. Jones that he pulled a muscle in his back while working on cars.
6. Plaintiff worked as a laborer for Defendant-employer. This position required Plaintiff to load empty tubs, known as vats, onto a trailer. Plaintiff testified that the vats were very easy to push or pull. Plaintiff could push or pull a vat easily with one hand.
7. Plaintiff alleges that, on approximately November 2 or 3, 2000, he was pushing a vat onto a trailer when he felt a sharp pain in his back. Plaintiff testified that he reported this incident immediately to his supervisor, Charles Jones. Despite his contention that he suffered a work-related injury on approximately November 2 or 3, 2000, Plaintiff completed his shift on that date.
8. Plaintiff went to Wilson Memorial Hospital on November 3, 2000 and presented with low back pain. Plaintiff did not mention a work-related incident to anyone at Wilson Memorial Hospital when he sought treatment on November 3, 2000. Plaintiff returned to Wilson Memorial Hospital on November 5, 2000 but again made no reference of any work-related incident.
9. Plaintiff continued to work in his regular job until November 20, 2000, at which time, Plaintiff walked off the job. Although Plaintiff's job was available to him after November 20, 2000, he never contacted the employer regarding returning to work after November 20, 2000.
10. Plaintiff began receiving treatment again from chiropractor Dr. Kurtz in November 2000. Dr. Kurtz released Plaintiff to return to work in January of 2001. On February 12, 2001, Dr. Kurtz assigned a five percent permanent impairment rating to back.
11. Plaintiff began working at Wal-Mart in March of 2001, earning greater than his pre-injury wages. Plaintiff is currently employed at Export Leaf Tobacco.
12. After quitting his employment with Defendant-employer on November 20, 2000, Plaintiff filed a claim for unemployment benefits. The Employment Security Commission denied Plaintiff's claim, finding that he walked off his job and concluding that Plaintiff voluntarily left his job without compelling health reasons and without good cause attributable to his employer. Plaintiff did not appeal this decision. Plaintiff voluntarily left his job without cause on November 20, 2000.
13. Plaintiff's testimony that he sustained and reported a work-related injury to the Defendant-employer in November 2000 is not credible. Plaintiff did not mention any work-related injury to co-workers on the date of the alleged accident. He did not report that his injury was work-related when he first sought medical attention. Plaintiff was aware of his employer's policy requiring the immediate reporting of all on-the-job injuries, and yet did not report such an injury to anyone.
14. Plaintiff' s supervisor, Charles Jones, testified that Plaintiff never reported a work-related incident to him between November 3 and November 20, 2000. Mr. Jones did not even become aware that Plaintiff was claiming that he suffered a work-related injury in November 2000 until well after plaintiff had quit his job.
15. Alfonso Williams was working with Plaintiff on the date of Plaintiff's alleged injury and testified that he did not see, hear, or have any knowledge of Plaintiff injuring himself on November 2 or November 3, 2000. Mr. Williams testified that the first time he became aware that Plaintiff was alleging a work-related incident occurred was well after Plaintiff had quit his job. Plant manager Roger Braswell, and company owner Elise Ross, also testified that Plaintiff never reported a work-related injury occurring in November of 2000.
16. Plaintiff was aware that, if he had suffered a work-related injury in November of 2000 as he alleges, he should have received treatment at Wilson Immediate Care pursuant to defendant-employer's policy. However, he chose to go to Wilson Memorial Hospital despite the fact that his injury was not severe and Wilson Immediate Care was open during the hours that Plaintiff went to Wilson Memorial Hospital. Plaintiff had no explanation at the hearing for his decision to seek treatment at Wilson Immediate Care.
17. Based upon all of the evidence, the undersigned finds that Plaintiff did not suffer an injury by accident or specific traumatic incident in the course and scope of his employment with Sun River Service Corporation on either November 2 or November 3, 2000.
 ***********
Based on the foregoing Findings of Fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
1. Plaintiff did not sustain an injury by accident or specific traumatic incident arising out of and in the course of his employment with the Defendant-employer on either November 2 or November 3, 2000. Therefore, Plaintiff's claim must be Denied. N.C.G.S. § 97-2(6).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission adopts and affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Plaintiff's claim is hereby DENIED.
2. Each side shall bear its own costs.
This the ___ day of August 2002.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/______________ RENE C. RIGGSBEE COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER